IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

THE UNITED STATES OF AMERICA, )
                               )   6:02-cv-738-Orl-22JGG
             Plaintiff,        )
                               )
        v.                     )   CIVIL ACTION NO.
                               )
OSCEOLA COUNTY, FLORIDA; and   )
DONNA BRYANT, Supervisor of    )
Elections,                     )
                               )
             Defendants.       )
_____)

## COMPLAINT

The United States of America, Plaintiff herein, alleges:

1.  The Attorney General files this action pursuant to Sections 2, 11(a), 12(d), and 208 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973, 42 U.S.C. 1973i(a), 42 U.S.C. 1973j(d), 42 U.S.C. 1973aa-6, and 28 U.S.C. 2201.

2.  The Court has jurisdiction of this action pursuant to 28 U.S.C. 1345 and 42 U.S.C. 1973j(f).

3.  Defendant Osceola County is a political subdivision of the State of Florida and exists as a charter county, organized pursuant to the laws of Florida.  Pursuant to Fla. Stat. Ann. 125.15 (West 2002), the Board of County Commissioners for Osceola County is included in any suit against the county.

4.  Defendant Donna Bryant is the Supervisor of Elections

of Osceola County.  The Supervisor of Elections has
responsibilities concerning the administration of voting and
elections in Osceola County.  Defendant Bryant is a resident
of Osceola County, Florida, and is sued in her official
capacity.

5.  According to the 2000 Census, Osceola County has a
total population of 172,493 persons, of whom 102,792 (59.6%)
are non-Hispanic white persons, 50,727 (29.4%) are Hispanic
persons, and 11,075 (6.4%) are Black persons; and a total
voting-age population of 126,279 persons, of whom 79,150
(62.7%) are non-Hispanic white persons, 34,267 (27.1%) are
Hispanic persons, and 7,392 (5.6%) are Black persons.

6. Many Hispanic persons in Osceola County have suffered
and continue to suffer discrimination and bear the effects of
that discrimination today, including a history of
discrimination and neglect in voting-related activities.

7.  In conducting elections in Osceola County, Defendants
failed to ensure that all Hispanic citizens with limited-
English proficiency have an equal opportunity to participate
in the political process and to elect the representatives of
their choice.  The actions that contributed to the violation
include the following:

a.  Some poll officials have directed hostile

remarks to Spanish-speaking voters to discourage them from voting and to make them feel unwelcome at the polls;

b.   Some Hispanic citizens with limited-English proficiency were turned away and not allowed to cast a ballot at the 2000 elections.  The election practices that led to these problems include the failure of poll officials to communicate effectively with Spanish-speaking voters regarding necessary information about their eligibility to vote, voter registration status, identification requirements, and polling place changes and assignments;

c.   Hispanic citizens with limited-English proficiency are unable to obtain voting assistance at certain polling places because those polling places are not staffed with bilingual officials.  Despite knowledge of the needs of limited English proficient Hispanic citizens, Defendants have failed to recruit, appoint, train, and maintain an adequate pool of bilingual poll officials capable of providing Hispanic citizens with limited-English proficiency with effective language assistance;

d.   Some Hispanic citizens with limited-English proficiency have been unable to obtain Spanish language assistance from poll officials at polling places staffed with bilingual poll officials because Defendants have failed to

-3-

provide adequate training and to notify the Spanish-speaking population of the availability of bilingual assistance; and

e.   Some Hispanic citizens with limited-English proficiency have had difficulty voting because election materials have not been translated into Spanish.  Despite their knowledge of the needs of limited-English proficient voters, Defendants have failed to translate into Spanish the ballot, information related to casting a ballot on election day, polling place changes, voter registration cards, letters to voters regarding registration issues, voter assistance information, and information on Osceola County's elections internet site.

8.   Some Spanish-speaking voters have requested that poll watchers and other voters assist them in casting their ballots because they were illiterate in English.  Osceola County did not permit these individuals to provide assistance to these voters, and they did not receive assistance from other persons.

### FIRST CAUSE OF ACTION

9.   Plaintiff hereby realleges and incorporates by reference ¶¶ 1-8 above.

10.   Section 2 of the Voting Rights Act prohibits

defendants from imposing any "voting qualification or prerequisite to voting or standard, practice, or procedure" which results in a denial or abridgement of the right of Hispanic citizens to vote.  42 U.S.C. 1973.

11.  Defendants' actions described in ¶¶ 6-8 have resulted in Spanish-speaking citizens having "less opportunity than other members of the electorate to participate in the political process and to elect the representatives of their choice."  42 U.S.C. 1973.

12.  Unless enjoined by this Court, defendants will continue to violate Section 2 of the Voting Rights Act, 42 U.S.C. 1973, by enforcing standards, practices, or procedures that deny limited-English proficient Hispanic citizens an opportunity to participate effectively in the political process on an equal basis with other members of the electorate.

### SECOND CAUSE OF ACTION

13.  Under Section 208 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973aa-6 ("Section 208"): "Any voter who requires assistance to vote by reason of blindness, disability or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's

union." 42 U.S.C. 1973aa-6.

14.   Defendants' failure to allow voters the assistors of their choice as described above in Paragraph 8, constitutes a violation of Section 208 of the Voting Rights Act, 42 U.S.C. 1973aa-6.

15.   Unless enjoined by this Court, Defendants will continue to violate Section 208 by failing to provide Osceola County's voters with the opportunity to receive assistance from persons of the voters' choice.

WHEREFORE, Plaintiff United States prays for an order:

(1)   Declaring that Defendants have violated Section 2 of the Voting Rights Act, 42 U.S.C. 1973, because they have provided Spanish-speaking citizens with "less opportunity than other members of the electorate to participate in the political process and to elect the representatives of their choice";

(2)   Declaring that Defendants have not allowed certain Osceola County's voters their assistors of choice, in violation of Section 208 of the Voting Rights Act, 42 U.S.C. 1973aa-6;

(3)   Enjoining Defendants, their agents and successors in office, and all persons acting in concert with them, from violating Section 2 of the Voting Rights Act by

-6-

providing Spanish-speaking citizens with "less opportunity than other members of the electorate to participate in the political process and to elect the representatives of their choice", 42 U.S.C. 1973;

(4)   Enjoining Defendants, their agents and successors in office, and all persons acting in concert with them, from not allowing Osceola County's voters their assistors of choice, in violation of Section 208 of the Voting Rights Act, 42 U.S.C. 1973aa-6;

(5)   Requiring Defendants to devise and implement a remedial plan to ensure that Osceola County's Hispanic citizens with limited-English proficiency are able to participate in the political process on an equal basis with other members of the electorate, in compliance with Section 2 of the Voting Rights Act, 42 U.S.C. 1973;

(6)   Requiring Defendants to devise and implement a remedial plan to ensure that Osceola County's voters are able to have their assistors of choice when they cast their ballots, in compliance with Section 208 of the Voting Rights Act, 42 U.S.C. 1973aa-6; and

(7)   Requiring the Defendants to publicize effectively

-7-

the remedial plans and programs addressing the
Section 2 and 208 violations enumerated herein to
ensure their widespread dissemination to Osceola
County's voters.

Plaintiff further prays that this Court order such
additional relief as the interests of justice may require,
together with the costs and disbursements in maintaining this
action.

JOHN D. ASHCROFT
Attorney General

RALPH F. BOYD, JR.
Assistant Attorney General

PAUL I. PEREZ
United States Attorney

JOSEPH D. RICH
Chief, Voting Section

REBECCA J. WERTZ
TIMOTHY F. MELLETT
Attorneys, Voting Section
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue
Voting Section, 1800G
Washington, D.C.  20530
(202) 307-6262