IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

THE UNITED STATES OF AMERICA, )
)
    Plaintiff, ) 6:02-cv-738-Orl-22JGG
)
v. ) CIVIL ACTION NO.
)
OSCEOLA COUNTY, FLORIDA; )
and DONNA BRYANT, Supervisor )
of Elections, )
)
    Defendants. )
_____)

## CONSENT DECREE

The United States of America initiated this action pursuant to Sections 2, 11(a), 12(d), and 208 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973, 42 U.S.C. 1973i(a), 42 U.S.C. 1973j(d), 42 U.S.C. 1973aa-6, and 28 U.S.C. 2201, alleging violations of the Voting Rights Act arising from Osceola County's election practices and procedures as they affect Spanish-speaking citizens of the county.

The United States alleged in its complaint that defendants have engaged in various election practices and procedures that unlawfully denied Spanish-speaking citizens an opportunity equal to that of other citizens to vote in Osceola County elections. The challenged practices concern the failure of poll officials to communicate effectively to Spanish-speaking voters necessary information concerning their eligibility to

vote, voter registration status, identification requirements, and polling place changes and assignments; the refusal of poll officials to allow certain Spanish-speaking voters assistance in voting by a person of their choice; and hostile remarks by poll officials directed toward Hispanic voters with limited English proficiency.

Despite defendants' alleged failure to adhere to Sections 2 and 208 of the Voting Rights Act, the United States does not contend that defendants intended to deny Spanish-speaking voters an equal opportunity to participate in the political process. To the contrary, the United States recognizes that defendants have demonstrated an appreciation for the difficulties encountered by Spanish-speaking voters and a willingness to take some measures designed to make the process more accessible to these voters on election day.

Defendants deny any violation of the Voting Rights Act as alleged by the United States. Moreover, defendants are committed to ensuring that voters with limited ability to understand English get the assistance necessary for their effective participation in the voting process. Defendants are dedicated to ensuring that all future elections in Osceola County comply with Section 2 and Section 208 of the Voting Rights Act.

This Court has jurisdiction over the parties and the subject matter of this litigation. The United States and defendants have negotiated in good faith and have agreed to entry of this Consent Decree as an appropriate resolution of the claims alleged. This agreement is final and binding between the parties, which pursuant to Fla Stat. Ann. 125.15 (West 2002) binds the Osceola Board of County Commissioners as well as the Supervisor of Elections, and their successors in office regarding the claims raised in this action.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Defendants shall ensure that the Spanish-speaking population of Osceola County does not "have less opportunity than other members of the electorate to participate in the political process and to elect the representatives of their choice." 42 U.S.C. 1973.

2. Defendants shall assign one or two employees to act as the Spanish Language Assistance Coordinator(s), for at least three months prior to a federal, state or county election, to help carry out the requirements of this Consent Decree. The Coordinator(s) shall be bilingual in English and in Spanish. The Coordinator(s) shall be trained in all aspects of the election process by the Osceola County Supervisor of Elections.

3. The responsible Coordinator upon receipt of complaints shall investigate all allegations of poll worker hostility toward Spanish-speaking and/or Hispanic voters in any election. The Coordinator shall report the results of the investigation(s) to the Osceola County Supervisor of Elections. Where the Coordinator has reasonably found poll workers who have engaged in inappropriate treatment of Spanish-speaking and/or Hispanic voters, the Supervisor shall remove these poll workers, and these poll workers shall not be eligible to be poll workers in future elections.

4. The Coordinator(s) and the Osceola County Supervisor of Elections shall meet with representatives of the Hispanic community at least one month prior to each election cycle (e.g., prior to the 2002 primary election) and solicit their views on what steps are needed to ensure the effectiveness of bilingual assistance for Spanish-speaking Hispanic voters.

5. Defendants shall ensure that voters are permitted to have assistance in the voting booth by a person of their choice as provided by 42 U.S.C. 1973aa-6. The voter may choose anyone to provide assistance as long as the assistor is not the voter's employer or agent of that employer or union officer or agent of the voter's union. 42 U.S.C. 1973aa-6. The assistor will be permitted to assist in all aspects of the voting

process.

6. In any precinct where registered Hispanic voters comprise at least five percent of the voters in the precinct, there shall be at least one poll official bilingual in Spanish and English. In each election precinct in Osceola County where Hispanic voters comprise more than 40 percent of the registered voters, the county shall seek to ensure that at least half of the polling officials are bilingual in Spanish and English.

7. Osceola County shall use its best efforts to secure bilingual poll officials. Defendants shall recruit bilingual election officials by providing notices in English and Spanish to the Spanish-language media, Hispanic community organizations (e.g., voting organizations, businesses, churches, senior citizen centers, etc.), the county election supervisor's internet site, and any other recruitment methods the county normally uses.

8. Defendants also shall publicize in Spanish prior to the election, through these same publicity methods, the availability of bilingual poll workers to assist Spanish-speaking voters at the polls on election day. Defendants also shall publicize in Spanish and English prior to the election that voters may bring their assistor of choice under the allowances provided for in Section 208 of the Voting Rights

Act.

9. Defendants shall provide in Spanish and English notification of elections, polling place changes, sample ballots, voting instructions and procedures at the polls, and election materials used at the polls (including the ballot) to ensure that limited English proficient voters do not have less opportunity than other members of the electorate to cast a ballot on election day.

10. The Coordinator(s) and the Osceola County Supervisor of Elections (or another employee designated by the Supervisor) shall conduct the training of poll officials and any other election related personnel who will be working at the polls on election day regarding the importance of all eligible citizens being able to cast a ballot at the polls, the right of voters to have assistance in Spanish (including inside the voting booth), and the right of certain voters, including voters with limited-English proficiency, to be assisted by the person of their choice.

11. Bilingual poll officials shall be trained in the translation of the entire ballot, all election related forms used in the polls on election day, and the voting process (e.g., how to operate new voting machines) in the Spanish language so that bilingual election officials will be able to

provide a full and accurate translation.

12. Nothing in this Decree shall preclude Defendants from the use of contracting to carry out any of the terms and conditions specified herein, including the establishment and operation of the Coordinator position(s). However, should defendants exercise this option, they shall nevertheless maintain responsibility for compliance with the terms and conditions herein.

13. At least ten (10) days before each federal, state, or county election in Osceola County, the Coordinator(s) or the Osceola County Supervisor of Elections shall provide to counsel for the United States a report containing the following information: (a) the name and precinct designation of each polling place; (b) the name and title of each poll official appointed and assigned to serve at each polling place (including a designation of those who are bilingual in English and Spanish); and (c) a copy of the most recent voter registration lists on computer disk. Within ten (10) days after each federal, state or county election in Osceola County, the Coordinator(s) or the Osceola County Supervisor of Elections shall provide to counsel for the United States any updated report regarding changes in items (a)-(c) above that occurred at the election, and provide information about all

complaints the county received at the election regarding language or assistance issues.

14. The parties recognize that a regular and ongoing reassessment may be necessary in order to provide Spanish-language minority voters equal access to the electoral process in Osceola County. The county shall evaluate its program and procedures after each election cycle (e.g., after the 2002 general election) and on an ongoing basis through meetings with the Hispanic community and other interested parties and counsel for the United States.

15. If the Director of the Census designates Osceola County as a covered county under Section 203 of the Voting Rights Act, 42 U.S.C. 1973aa-1a, the county must comply fully with Section 203. Nothing in this Consent Decree is meant to limit Osceola County's obligation to comply with Section 203.

16. The parties agree that to assist in carrying out the purposes of this Consent Decree, the United States will be permitted to monitor elections in Osceola County from the date of the entry of this Consent Decree through January 31, 2005.

(A) The United States will give timely notice of its intent to monitor a particular election;

(B) Department of Justice personnel, including

attorneys and staff members, will be permitted into the precincts for the purpose of observing the election process; such Department personnel shall not seek to interfere in any way with the conduct of the election, but will merely observe and report problems to county election officials for resolution.

17. This Consent Decree shall remain in effect through January 31, 2005. Plaintiff may move the court for good cause shown to extend this Consent Decree.

The Court shall retain jurisdiction of this case to enter further relief or such other orders as may be necessary for the effectuation of the terms of this agreement and to ensure compliance with Sections 2 and 208 of the Voting Rights Act.

Entered this 22nd day of July, 2002.

| For Plaintiff: | For Defendants: |
|---|---|
| UNITED STATES OF AMERICA | OSCEOLA COUNTY |

PAUL I. PEREZ
United States Attorney

RALPH F. BOYD, JR.
Assistant Attorney General

JOHN B. RITCH
Attorney for the Osceola
Supervisor of Elections
100 Church Street
Kissimmee, FL 34741

JOSEPH D. RICH
REBECCA J. WERTZ
TIMOTHY F. MELLETT
Attorneys, Voting Section
Civil Rights Division
Department of Justice
950 Pennsylvania Ave.
Washington, D.C. 20530

JO THACKER
Osceola County Attorney
One Courthouse Square
Suite 4200
Kissimmee, FL 34741

Entered this 22nd day of July, 2002.

_____
UNITED STATES DISTRICT COURT JUDGE

Date Printed: 07/22/2002

Notice sent to:

    \_\_\_  Rebecca J. Wertz, Esq.
         U.S. Department of Justice
         Civil Rights Division
         950 Pennsylvania Avenue
         Voting Section, 1800G
         Washington, DC  20530

    \_\_\_  Timothy F. Mellett, Esq.
         U.S. Department of Justice
         Civil Rights Division
         950 Pennsylvania Avenue
         Voting Section, 1800G
         Washington, DC  20530

    \_\_\_  John B. Ritch, Esq.
         Overstreet, Ritch & Thacker
         100 Church St.
         Kissimmee, FL  34741-0760

    \_\_\_  Jo O. Thacker, Esq.
         Osceola County Attorney's Office
         One Courthouse Square
         Suite 4200
         Kissimmee, FL  34741